SHORTESS, Judge,
concurring.
I agree with the majority’s treatment of this case, notwithstanding one of the most egregious factual scenarios imaginable. I write only to further expound on the threshold issue, i.e., Samantha Berard’s residence. LSA-C.C. art. 218 provides:
An unemancipated minor [cannot] quit the parental house without the permission of his father and mother, who have the right to correct him, provided it be done in a reasonable manner.
She was sixteen years of age at the time of the accident. So her legal residence was her mother’s home. See Taylor v. State Farm Mutual Automobile Insurance Co., 248 La. 246, 178 So.2d 238 (1965).
Her factual residence was her mother’s home also. The majority clearly articulates a sufficient factual basis for us to hold that *1339 the trial court was not clearly wrong in its finding.
Residence is a mixed question of law and fact. Legally and factually Samantha was a resident of her mother's home.
I respectfully concur.